IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANDRES GOMEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO.: 1:19-CV-21757-RNS |
| MIAMI INTERNATIONAL | ) |
| UNIVERSITY OF ART & DESIGN, INC. | ) |
| | ) |
| Defendant. | ) |

## MOTION TO TEMPORARILY STAY

Defendant Miami International University of Art & Design, Inc. ("AI Miami"), respectfully moves this Court to stay proceedings pending the Eleventh Circuit's ruling in *Gil v. Winn-Dixie Stores, Inc.*, No. 17-13467 (11th Cir.) ("*Gil*"), as judges within the Southern District of Florida have done in at least *six* other similar cases making similar Title III, Americans with Disabilities Act claims based on website inaccessibility.[1]

As grounds for this Motion, AI Miami states the following:

## BACKGROUND AND ALLEGATIONS OF THE COMPLAINT

Plaintiff, Andres Gomez ("Gomez"), is a serial filer, or "tester," of numerous cases alleging website noncompliance with Title III, Americans with Disabilities Act, 42 U.S.C. §12181 ("ADA"). *See Gomez v. La Carreta Enters.*, 2017 U.S. Dist. LEXIS 202662, at *1 (S.D. Fla. Dec. 7, 2017) ("an advocate for persons with disabilities, Gomez serves as a 'tester' who files lawsuits

---

[1] *See e.g.*, *Gomez v. O'Charley's, LLC*, No. 18-cv-22287 (S.D. Fla. Sept. 18, 2018) (Williams, J.) (Order staying case pending the Eleventh Circuit's decision in *Gil* attached as Exh. 1); *Fuller v. O'Charleys, LLC*, No. 18-cv-61645 (S.D. Fla. Sept. 21, 2018) (Ungaro, J.) (Order staying case attached as Exh. 2); *Gomez v. Klipsch Group, Inc.*, No. 17-21617 (S.D. Fla. Aug. 9, 2017) (Moreno, J.) (Order staying case attached as Exh. 3); *Gomez v. Estrella Ins., Inc.*, No. 1:18-cv-20993 (S.D. Fla. Aug. 28, 2018) (Cooke, J.) (Docket with Aug. 28, 2018 docket entry staying case pending a ruling in *Gil* attached as Exh. 4); *Gomez v. Monroe County*, No. 1:18-cv-23740 (S.D. Fla. Apr. 2, 2019) (Gayles, J.) (Docket with April 7, 2019 docket entry staying case pending a ruling in *Gil* attached as Exh. 5); *Gomez v. B.O.L.A.S.LLC*, No. 1:18-cv-24329 (S.D. Fla. Apr. 2, 2019) (Docket with April 2, 2019 docket entry staying case pending a ruling in *Gil* attached as Exhibit 6).

against entities that maintain websites he believes are not compliant with ADA's requirements."). This case alleges more of the same. Gomez alleges that he is blind, that he visited AI Miami's website (www.artinstitutes.edu/miami), that blind consumers use screen reading software or other technologies to access website content, and that AI Miami's website "contains digital barriers, limiting the ability of blind and visually impaired consumers to access their content."). (D.E. 1, ¶¶2-6). Gomez claims that the website inaccessibility "deter[s] [him] from attempting to use [Miami International's] websites itself . . . ." (*Id.*, ¶27).

Gomez claims that AI Miami's website inaccessibility violates Title III of the ADA and Section 504 of the Rehabilitation Act. (*Id.*, ¶¶23-37). Title III prohibits disability discrimination in places of public accommodation. 42 U.S.C. §12182(a) (prohibiting discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who . . . operates a place of public accommodation."). As set forth below, Gomez's ADA claim raises certain issues that the Eleventh Circuit has not ruled on, but will decide in *Gil*.

## ARGUMENT

**I.** **As ordered in at least six other Title III ADA cases making website inaccessibility claims in the Southern District of Florida, this case should be stayed pending the Eleventh Circuit's ruling in *Gil*.**

This Court's order in *Gil* is on appeal. The *Gil* case involves similar website inaccessibility allegations and an ADA, Title III disability discrimination claim. The Eleventh Circuit's decision in *Gil* thus "is likely to have a substantial or controlling effect on the claims and issues in" this case, which the Eleventh Circuit has described as a "good," "if not an excellent [reason]" to stay a case. *See Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Management Dist.*, 559 F. 3d 1191, 1198 (11th Cir. 2009). The Eleventh Circuit further stated:

> Withholding decision in a case to await guidance from a higher court in a different case is not an unusual event. It happens with some regularity in the district courts, and from time to time we have done it ourselves.

*Id.* at 1200 n. 6. Given the "substantial or controlling effect" of the *Gil* decision as to certain overlapping issues in this case, and in the interests of judicial economy and to avoid undue burden on the parties and the Court, this Court should issue an order temporarily staying all proceedings in this case, pending the Eleventh Circuit's ruling in *Gil*.

    **A.**    **The *Gil* case**

The *Gil* case involves similar allegations. In *Gil*, as here, the plaintiff is visually impaired and uses screen reader technology to access a website. *See Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp.3d 1340, 1342-43 (S.D. Fla. 2017). The plaintiff visited the defendant's website but could not access it with screen reader technology. *Id.* at 1344. The plaintiff similarly alleges Title III, ADA violations based on the inaccessibility of the website to visually impaired people. This Court did not decide the issue of whether the website is a "public accommodation" in and of itself under the ADA, but concluded that the "factual findings demonstrate that the website is heavily integrated with Winn-Dixie's physical store locations and operates as a gateway to the physical store locations." *Id.* at 1349. The defendant appealed that decision to the Eleventh Circuit. The appeal is fully briefed and the Eleventh Circuit heard oral argument on October 4, 2018. A decision should be imminent.

The *Gil* parties have asked the Eleventh Circuit to decide the following issues, all of which also are issues in the case at hand: (1) is an internet website a place of public accommodation under Title III of the ADA?; and (2) if not, does the website in issue constitute a "good[], service[], facility[y], privilege[], [or] advantage[] . . . of any place of public accommodation," and what is the necessary test or nexus required in making that determination, such as must a plaintiff prove

that the website inaccessibility impedes his access to the defendant's physical brick and mortar location?; and (3) what is required for a plaintiff's standing to make an ADA Title III claim? *See Gil*, Brief of Appellant, at 20-31, 39-42. Because all of these issues are also present in this case, the Eleventh Circuit's decision in *Gil* "is likely to have a substantial or controlling effect on the claims and issues in" this case. *Miccosukee Tribe of Indians of Fla.*, 559 F. 3d at 1198.

The Eleventh Circuit's recent unpublished decision in *Haynes v. Dunkin' Donuts, LLC*, 741 Fed. Appx. 752 (11th Cir. 2018) does not undermine the significance to this case of a ruling in *Gil* on the identified issues. In *Dunkin' Donuts*, the Eleventh Circuit held that a plaintiff stated a plausible Title III ADA claim based on website inaccessibility because, *inter alia*, customers could purchase gift cards online, making that website "a service that facilitates the use of Dunkin' Donuts shops." *Id.* at 754. The *Dunkin' Donuts* decision was very particular to the facts of that case. The issues identified above in *Gil*, that are also issues in this case, were not resolved by the *Dunkin' Donuts* decision. Further, *Dunkin' Donuts* is an unpublished decision and thus not binding precedent. *See U.S. v. Izurieta*, 710 F. 3d 1176, 1179 (11th Cir. 2013) (citing 11th Cir. R. 36-1, IOP 6)).

      **B.**    **The Southern District of Florida has already stayed at least six cases making Title III claims based on website inaccessibility, pending a decision in *Gil*.**

Numerous judges throughout the Southern District of Florida have already recognized the "substantial or controlling effect" of an Eleventh Circuit decision in *Gil* on cases making Title III ADA claims based on website inaccessibility. In at least six cases, courts in the Southern District of Florida have entered a stay order pending the *Gil* decision.[2]

---

[2] *See* n. 1, *supra*.

      **C.**      **This Court similarly should stay this case pending a decision in *Gil*.**

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for its litigants. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (acknowledging that district courts have discretionary authority to stay a case when the interests of justice so require). This Court has recognized that "[s]o long as a stay does not prove `immoderate' – that is to say, too long, too indefinite, or without proper justification – the decision to stay is bounded only by the district court's discretion." *Gray v. Target Corp.*, No. 13-62769, 2014 WL 12600138, at *1 (S.D. Fla. Jan. 27, 2014) (Scola, J.) (granting defendant's motion to stay pending a JPML decision) (citation omitted). This Court also recognized that "[f]ederal courts may exercise their discretion to stay proceedings when a stay would promote judicial economy and efficiency." *Id.* Further, this Court, in granting a motion to stay pending a ruling in another court that would likely "impact" the action, reasoned that a "district court has the authority to issue a stay of the proceedings pending resolution of a related matter in another court." *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, No 12-20756, 2012 WL 1852941, at *1-2 (S.D. Fla. May 21, 2012) (Scola, J.) (citation omitted).

Given that *Gil* finished with briefing and oral argument a year ago, a *Gil* decision should be imminent. The requested stay will not be "too long" or "too indefinite." Gomez thus will not suffer prejudice. Further, Gomez is the plaintiff in five of the six cases identified in footnote 1; those courts likewise determined that Gomez's prejudice was little to none. In fact, given the sheer number of website noncompliance/ADA cases filed by Gomez, Gomez will benefit from the precedence and guidance provided by *Gil*, rather than be prejudiced by a stay.

Given the substantial overlap of issues, this Court will benefit from the Eleventh Circuit's decision as precedent and/or guidance in deciding this case. *See Miccosukee Tribe of Indians of Fla.*, 559 F. 3d at 1198 (stating that the reason for the district court's stay order was "at least a good one, if not an excellent one:  to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues"); *Mackiewicz v. Nationstar Mortgage*, No. 6:15-cv-465, 2015 WL 11983233, at *1-2 (M.D. Fla. Nov. 10, 2015) (granting motion to stay case involving Telephone Consumer Protection Act ("TCPA") claims pending a ruling by the Supreme Court and the United States Court of Appeals for the District of Columbia on a TCPA issue, reasoning that such stay "would allow the Court to render a more certain, correct, and clear decision" and "would reduce the burden of litigation on the parties and the Court by allowing the Court to avoid issuing a dispositive Order in the midst of an uncertain legal environment").

Thus, AI Miami respectfully requests this Court grant its Motion to Temporarily Stay pending a ruling in *Gil*.[3]

## CONCLUSION

AI Miami respectfully requests that the Court grant this Motion and temporarily stay all proceedings in this case pending a ruling by the Eleventh Circuit in *Gil*.

## CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for movant conferred in good faith with Plaintiff's counsel by email on September 6, 2019 in an attempt to resolve this Motion to Temporarily Stay, and was advised that Plaintiff opposes this Motion to Temporarily Stay.

---

[3] To be clear, and as fully briefed in AI Miami's Motion to Dismiss and brief in support thereof, filed contemporaneously herewith, Gomez has not alleged plausible Title III ADA/Rehabilitation Act claims for numerous reasons, *some of which* a decision in *Gil* will have substantial and controlling effect on. Thus, even if the Eleventh Circuit affirms *Gil*, this Court should grant AI Miami's Motion to Dismiss. The *Gil* decision will either narrow the issues in this case, or dispose of this case entirely.

Dated: October 2, 2019

Respectfully submitted,

*/s/ Peter S. Fruin*
Peter S. Fruin (FL Bar. No. 32897)
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
pfruin@maynardcooper.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which served notice of this electronic filing upon the following:

>Anthony J. Perez
>Beverly Virues
>**Garcia-Menocal & Perez, P.L.**
>4937 SW 74th Court, # 3
>Miami, FL 33155
>Telephone: 305-553-3464
>ajperez@lawgmp.com
>bvirues@lawgmp.com
>
>*Attorneys for Plaintiff*

>*/s/ Peter S. Fruin*
>OF COUNSEL