United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Andres Gomez, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-21757-Civ-Scola |
| | ) |
| Miami International University of Art & Design, Inc., Defendant. | ) |

### Order

This matter is before the Court on the Defendant Miami International University of Art & Design, Inc.'s ("AI Miami") motion to dismiss. (ECF No. 50.) The Plaintiff filed a response in opposition to the motion (ECF No. 52), and the Defendant filed a reply memorandum in support of the motion (ECF No. 53). After careful consideration of the briefs, the record, and the relevant legal authorities, the Court **grants** the motion to dismiss. (**ECF No. 50**.)

**1. Background**

In an increasingly digital world, Andres Gomez, like other visually-impaired individuals, uses screen reading software to access online content. (ECF No. 48 at ¶¶ 14, 18, 21.) In 2019, when Gomez developed an interest in attending AI Miami's physical campus, he visited its website.[1] (*Id.* at ¶¶ 3, 20.) AI Miami's website provides prospective students with information concerning its application process, the application itself, and the school's degree programs, as well as the accommodations on campus. (*Id.* at ¶¶ 15, 17.)

But Gomez had difficulty accessing content on AI Miami's website. (*Id.* at ¶ 21.) Gomez alleges that AI Miami's website does not meet the WCAG 2.0 AA, which provides widely accepted guidelines for making online content compatible with screen reading software. (*Id.* at ¶¶ 19, 24.) Therefore, Gomez sued, seeking declaratory and injunctive relief. (*Id.* at ¶ 10.)

---

[1] Three years after filing his complaint, Gomez asserts that he remains interested in attending AI Miami. (ECF No. 48 at ¶ 20.) The Court notes that Gomez has also brought several similar suits against other educational institutions. In particular, Gomez has, at various times, represented that he was interested in attending Southeastern University in Lakeland (*see Gomez v. Southeastern University, Inc.*, 19-cv-21159-MGC (S.D. Fla.)), Carlos Albizu University in Miami (*see Gomez v. Universidad Carlos Albizu, Inc.*, 17-cv-20644-KMM (S.D. Fla.)), Florida Technical College in Pembroke Pines (*see Gomez v. Florida Technical College, Inc.*, 18-cv-60611-DPG (S.D. Fla.)), and Everglades College in Miami (*see Gomez v. Everglades College, Inc.*, 18-cv-21164-DPG (S.D. Fla.)). At various times, Gomez was interested in classes in "criminal justice," "business entrepreneurship" and a "business program." (*See Fla. Tech. Coll.*, 18-cv-60611, ECF No. 1; *Everglades Coll.*, 18-cv-21164, ECF No. 1.)

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## 3. Analysis

Gomez brings two claims against AI Miami, alleging that AI Miami violated Title III of the Americans with Disability Act and 29 U.S.C. § 794, section 504 of the Rehabilitation Act. AI Miami seeks to dismiss the amended complaint on two bases: (1) Gomez lacks Article III standing and (2) Gomez failed to state a claim under Title III and section 504. As the Court finds that Gomez lacks standing, the Court will dismiss the case and will not address AI Miami's argument that Gomez failed to state a claim.

### A. How to determine standing in the inaccessible website context.

It is axiomatic that federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). And "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020). The case-or-controversy requirement, or the standing inquiry, "'identif[ies] those disputes which are appropriately resolved through the judicial process.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

To establish standing, a plaintiff must allege (1) an "injury in fact" that is both "concrete and particularized" and "actual or imminent," (2) a "casual connection between the injury and the conduct complained of," and (3) an injury that is "likely" to be "redressed by a favorable decision." *Id.* at 560–61. In addition, where injunctive relief is sought—as here—plaintiffs must show not only a past injury but also a "real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328–29, 1334 (11th Cir. 2013) (quoting *Wooden v. Brd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)).

To determine whether plaintiffs have adequately alleged a future injury under the ADA, courts look to "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *See Houston*, 733 F.3d at 1337 n.6. In cases involving an alleged inaccessible website, courts will also look to "the type of information that is inaccessible" and "the relation between the inaccessibility and [the] alleged future harm." *See Price v. Escalante-Black Diamond Golf Club LLC*, No. 5:19-cv-22-Oc-30PRL, 2019 WL 1905865, at *6 (M.D. Fla. Apr. 29, 2019); *Price v. City of Ocala, Fla.*, 375 F. Supp. 3d 1264, 1275 (M.D. Fla. 2019); *cf. Sierra v. City of Hallandale Beach, Fla.*, 996 F.3d 1110, 1114 (11th Cir. 2021). No factor is dispositive—courts must "consider the totality of relevant facts." *See Black Diamond*, 2019 WL 1905865, at *6.

AI Miami principally contends that Gomez has not sufficiently alleged a future injury. AI Miami walks through each of the *Houston* factors and argues that Gomez, at most, only alleges that he is a "prospective student" who is "interested" in attending AI Miami's physical school, without any indication of his physical proximity to the campus or his plans to return. (ECF No. 50 at 6–

10.) Moreover, AI Miami argues that there is little relation between the alleged inaccessibility of the information online and the alleged future harm, as Gomez could obtain the information he seeks by visiting AI Miami's campus or by calling its office. (*Id.* at 11.)

Gomez argues that he has established standing. Gomez contends that the *Houston* factors are inapplicable to cases involving an inaccessible website, and Gomez argues that the Eleventh Circuit in *Laufer v. Arpan* recently held that ADA plaintiffs have standing to assert claims regarding inaccessible websites even if those plaintiffs have no intention to return. (ECF No. 52 at 5 (discussing *Laufer v. Arpan*, 29 F.4th 1268 (11th Cir. 2022)).)

First, while the Court agrees with Gomez that the *Houston* factors fit somewhat uncomfortably when looking to claims involving inaccessible websites, courts nonetheless continue to apply these factors to such cases. *See Kennedy v. Floridian Hotel, Inc.*, No. 1:18-cv-20839, 2018 WL 10601977, at *5 (S.D. Fla. Dec. 7, 2018) (Ungaro, J.) (noting that the application of the *Houston* factors to websites is "uncertain" yet finding that "some of these factors, such as the definitiveness of [p]laintiff's intent to return and [p]laintiff's past patronage can be readily adapted" to this context); *see also Parks v. Richard*, No. 2:20-cv-227-FtM-38NPM, 2020 WL 2523541, at *3 (M.D. Fla. May 18, 2020) (noting that "the *Houston* factors are difficult to apply in website cases" yet continuing to apply the factors nonetheless); *Black Diamond*, 2019 WL 1905865, at *5 ("In the few cases that have addressed standing in Title III website cases, district courts have applied the *Houston* factors to determine whether a plaintiff pleaded a future injury.").[2] Therefore, the Court will apply the *Houston* factors, as appropriate, to this case.

Second, Gomez reads too much into *Laufer*. The only question before the court in *Laufer* was whether plaintiffs adequately plead a "concrete and particularized injury" if they have no intention of visiting the physical location associated with the inaccessible website at issue. *See Laufer*, 29 F.4th at 1271. The Eleventh Circuit held that plaintiffs adequately do so when they allege "frustration and humiliation as a result of viewing" an inaccessible website. *See id.* at 1275. Therefore, the Court held that a plaintiff need not allege any intent to visit a physical location associated with a website to allege a "concrete and particularized injury." *See id.* at 1271. However, the court in *Laufer* explicitly held that a plaintiff must still allege an "imminent future injury required in a suit for injunctive relief" in accordance with past precedent. *See id.* at 1275.

---

[2] Moreover, the Eleventh Circuit has implicitly approved of applying the *Houston* factors, as modified in *City of Ocala*, in cases involving injunctive relief for inaccessible websites. *See Sierra*, 996 F.3d at 1114 & n.2 (discussing *City of Ocala*, 375 F. Supp. 3d at 1267, 1274–75).

For these reasons, the Court will apply the *Houston* and *City of Ocala* factors, as appropriate, and assess whether Gomez adequately alleged that he has suffered a "real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *See Houston*, 733 F.3d at 1334; *City of Ocala*, 375 F. Supp. 3d at 1274–75. The threat of future harm may not arise merely from the "inaccessibility of the information [online] itself," but rather must turn on "the effect that the inaccessibility ha[s] on the plaintiff's ability to use the information for its intended purpose." *See City of Ocala*, 375 F. Supp. 3d at 1275.

### B. Gomez has not alleged standing.

Here, Gomez had not alleged a real and immediate threat of future injury.[3] Looking principally to the "definiteness" of Gomez's plan to return and the "relation between the inaccessibility and [the] alleged future harm," the Court finds that both weigh against finding a sufficiently alleged future injury. *See Houston*, 733 F.3d at 1334; *City of Ocala*, 375 F. Supp. 3d at 1275.

First, the Court looks to the definiteness of Gomez's plan to return. Gomez asserts that he has visited AI Miami's website, potentially multiple times, although Gomez does not allege that he has visited AI Miami's physical campus. (ECF No. 48 at ¶¶ 3, 27.) More importantly, Gomez does not allege that he intends to visit—either the physical campus or the website—in the future; rather, Gomez only alleges that he is a "prospective" student who is "interested" in attending AI Miami at some point in the future. (*Id.* at ¶ 20.) Such indefinite allegations of an intent to visit the website or the campus in the future are insufficient to plead future injury. *See Price v. Orlando Health, Inc.*, No. 6:17-cv-1999-Orl-40DCI, 2018 WL 6434519, at *4 (M.D. Fla. Dec. 7, 2018) (holding that "indefinite 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support" a finding of standing) (quoting *Lujan*, 504 U.S. at 564); *Gil v. City of Pensacola, Fla.*, 396 F. Supp. 3d 1059, 1063 (N.D. Fla. 2019) (same); *see also Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1364 (S.D. Fla. 2001) (Moore, J.) (referring to the "inten[t] to return" as the

---

[3] For purposes of assessing a plaintiff's standing, courts must assume the legal validity of the plaintiff's claim. *See Laufer*, 29 F.4th at 1277 (Jordan, J., concurring) (citing *Warth v. Seldin*, 422 U.S. 490, 500, 502 (1975) and *Culverhouse v. Paulson & Co.*, 813 F.3d 991, 994 (11th Cir. 2016)). Therefore, for purposes of this inquiry, the Court assumes that an inaccessible website may violate Title III of the ADA.

"irreducible minimum" of the standing inquiry) (citing *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)).[4]

Second, the Court finds that Gomez has pled an insufficient relation between the inaccessible information online and the alleged harm. Gomez posits that he was harmed when he encountered access barriers "on the websites in conjunction with [his] use and patronage of [AI Miami's] brick and mortar campus location" and that he suffered "loss of dignity, mental anguish and other tangible injuries." (ECF No. 48 at ¶ 21.) But Gomez does not allege that he tried to access the information from any other source. *See Love v. Handlery Hotels, Inc.*, No. 21-cv-00850-TSH, 2021 WL 2531090, at *6 (N.D. Cal. June 21, 2021) (noting that "the DOJ has approved of alternatives to listing information on websites, stating that . . . 'inaccessible Web sites may comply with the ADA's requirements for access by providing an accessible alternative, such as a staffed telephone line, for individuals to access the information, good, and services of their Web site'") (quoting *Gorecki v. Dave & Buster's Inc.*, CV 17-1138 PSG, 2017 WL 6371367, at *5 (C.D. Cal. Oct. 10, 2017)). Therefore, Gomez has inadequately pled a future injury, as Gomez does not allege that AI Miami has failed to provide an accessible alternative to obtain the information provided online.[5]

In total, the Court finds that Gomez has failed to allege that there is a real and immediate threat of future injury, as Gomez has not alleged, with the required definiteness, that he will return and that there are no accessible alternatives. Therefore, the Court finds that Gomez lacks standing to bring this suit.

### 4. Conclusion

For the reasons set out above, the Court **grants** AI Miami's motion to dismiss. (**ECF No. 50**.) As Gomez did not file a motion for leave to file an amended complaint or otherwise request leave to amend, the Court dismisses the amended complaint **without leave to amend**. *See Newbauer v. Carnival Corp.*, 26 F.4th 931, 936 (11th Cir. 2022) (holding that "precedent is clear that

---

[4] Moreover, the Court further finds that Gomez's amended complaint lacks "definiteness," in part as Gomez, who first asserted an interest in attending AI Miami three years ago, has apparently taken no steps to act on that interest. Moreover, it appears that Gomez has also taken no steps to attend the four other educational institutions, identified above, against which he previously brought suit.

[5] Gomez argues in his response that AI Miami's application process, as well as the application itself, are only available online. (ECF No. 52 at 8.) However, this assertion is absent from the amended complaint, and Gomez may not supplement the allegations in his complaint through arguments in his response brief. *See Lightfoot v. Henry Cnty. Sch. Dist.*, 771 F.3d 764, 779 (11th Cir. 2014) ("A plaintiff may not amend her complaint through argument in a brief[.]").

'[a] district court is not required to grant a plaintiff leave to amend [her] complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court'") (quoting *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)). The Court **directs** the Clerk to **close** this case. All pending motions are **denied as moot**.

**Done and ordered**, in Chambers, at Miami, Florida, on June 1, 2022.

Robert N. Scola, Jr.
United States District Judge